UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| KENDRICK BUTLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 17-1548 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is now before the Court on Petitioner Kendrick Butler's ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1).  For reasons stated below, Petitioner's Petition is DISMISSED WITHOUT PREJUDICE.

## PROCEDURAL REVIEW

Petitioner Kendrick Butler is currently an inmate in the custody of the Illinois Department of Corrections ("IDOC") and housed at Pontiac Correctional Center ("Pontiac").  On August 26, 2010, he was found guilty of six counts of bank fraud in the District Court for the Northern District of Iowa.  Petitioner was sentenced to 65 months for each count to be served concurrently and consecutive to an 80-year sentence he received from a Cook County, Illinois case.  He was also ordered to pay $12,982 in restitution and a $600 assessment penalty.  The judgment also provided that:

> While incarcerated, the defendant shall make monthly payment in accordance with the Bureau of Prison's Financial Responsibility Program.  The amount shall not exceed 50% of the funds available through institution or non-institution (community) resources and shall be at least $25 per quarter.

1

(ECF No. 1 at 34). Before filing in this Court, the Petitioner filed a Motion to Stay Restitution in the Northern District of Iowa. The district court judge denied the motion finding that the Petitioner needed to file under 28 U.S.C. § 2241. In the order the district court order judge stated

> … a challenge to such an administrative program must be filed under 28 U.S.C. § 2241, and in the district of incarceration. *See Matheny v. Morrison,* 307 F.3d 709, 712 (8th Cir. 2002) (holding that prisoners' challenges against an "IFRP payment schedule" are "correctly framed as § 2241 claims brought in the district where the sentence is being carried out"); *see also United States v. Diggs,* 578 F.3d 318, 320 (5th Cir. 2009) (holding that defendant's challenge to restitution payments under the IFRP had to be brought in a § 2241 petition after all administrative remedies have been exhausted); *McGee v. Maninez,* 627 F.3d 933, 937 (3d Cir.2010) ("The IFRP payment schedule and the sanctions imposed for noncompliance are part of the execution" of defendant's sentence and are therefore within the "rubric of a § 2241 habeas petition."); *lhmoud v. Jett,* 272 Fed. App'x 525, 526 (7th Cir. 2008) ("The IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241.").

*Id. citing United States of America v. Kendrick Butler,* No. 08-0072 (N. Iowa April 27, 2015). The judge dismissed the case for lack of jurisdiction finding that a § 2241 had to be filed in the district where the Petitioner was incarcerated, and therefore he had no jurisdiction in Iowa. *Id.*

On December 1, 2017, Petitioner filed a Petition for Writ of Habeas Corpus requesting a Stay and Abeyance of Restitution of his payments under the IFRP. (ECF No. 1). He is seeking to suspend scheduled payments the IDOC is taking out of his trust fund account to pay his federal restitution. Petitioner listed Mike Melvin, Warden of Pontiac Correction Center and the IDOC as Defendants. On January 17, 2017, the United States of America filed a Notice of Non-Participation stating that because the petition named state actors, the United States Attorney's Office was improperly notified as it does not represent any of the named defendants. (ECF No. 8). On February 26, 2018, this Court dismissed Mike Melvin, and the IDOC as Defendants, named the

United States of America as the proper respondent to the case, and ordered it to respond to Petitioner's claims. (ECF No. 11). Petitioner filed a Motion to Object to the Court's Opinion arguing that the United States of America is an improper party because he never created a plan under the IFRP and is under the custody of the IDOC. (ECF No. 12). He claims that the IDOC is taking his money and giving it to the U.S. District Court without his consent as he did not have an agreement with them either. The United States of America responded stating that it agrees with Petitioner that it was improperly substituted because BOP is not implicated by the facts of the case as it has not ordered money to be removed from his trust fund account. (ECF No. 13). In an attached affidavit, the Correctional Programs Administrator for the North Central Region of the BOP swore that Petitioner has not entered into an IFRP contract. (ECF No. 13-1). The Administrator further states that Petitioner has made no payments through the IFRP. (ECF No. 13-1). The United States requests that this Court reverse its earlier substitution. (ECF No. 13).

## DISCUSSION

The United States Department of Justice's Federal Bureau of Prisons ("BOP") created the IFRP, which allows the BOP to held assist "inmate[s] to meet his or her legitimate financial obligations." 28 CFR 545.10. The Seventh Circuit has ruled that an inmate's proper recourse for challenging the IFRP is a writ of habeas corpus under 28 U.S.C. § 2241. *Ihmoud v. Jett*, 272 F. App'x 525, 526 (7th Cir. 2008)("The IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241."). This Court would be the proper venue for filing a § 2241 because the Petitioner is confined in the Central District of Illinois.

Petitioner's original filing for stay of payments under § 2241 appeared to be the proper recourse because the Petitioner led the Court to believe that he was enrolled in the IFRP. (ECF

No. 1). He argues that he is eligible for an exemption under the IFRP attaching the BOP IFRP Program Statement and the district court decision recommending that he file a § 2241 in this court to challenge the administrative program. (ECF No. 1). Based on this Court's review of the decision from the Northern District of Iowa, it believes the court was under the same impression. Nonetheless, both Petitioner and Respondent have now clarified that the Petitioner has not signed a contract with the BOP to participate in the IFRP. (ECF No. 12 and 13). Instead, Petitioner alleges that the IDOC has taken it upon themselves to extract money from the Petitioner's Trust Fund Account and send it to the U.S. District Court to pay Petitioner's restitution order. (ECF No. 12). As such, he now makes clear he is seeking relief from the IDOC and not the federal government.

A § 2241 is only proper when brought to challenge a violation made by the United States of America and therefore is not the appropriate recourse in this instance. *See* 28 U.S.C. § 2241(c). The Petitioner may have a claim against the IDOC under 42 U.S.C. § 1983 for civil rights violations. Therefore, Petitioner's Petition for Habeas Corpus under § 2241 is DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

For reasons stated herein, Petitioner's Petition for Habeas Corpus (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

ENTERED this 14th day of March 2018.

/s/ Michael M. Mihm
Michael M. Mihm
U.S. District Court Judge