IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KENDRICK BUTLER,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | Case No. 1:17-CV-01548-MMM |

**Order**

Now before the Court are the *pro se* Petitioner, Kendrick Butler's, Motion to Reopen *Habeas* Case (D. 16)[1], Motion to Submit Additional Authority (D. 17), and Motion for Injunctive Relief (D. 18). The Respondent, the United States of America, filed a Response (D. 19), and the Petitioner filed a Reply, which he captioned a Motion in Response (D. 20). For the reasons stated below, the Petitioner's Motion to Reopen *Habeas* Case (D. 16) and Motion to Submit Additional Authority (D. 17) are GRANTED, his Motion for Injunctive Relief (D. 18) is DENIED, and his Motion in Response (D. 20) is deemed MOOT.

The Petitioner filed his Petition pursuant to 28 U.S.C. § 2241 in December 2017 while incarcerated at Pontiac Correctional Center but concurrently serving a federal sentence. He asserted, *inter alia*, that he was entitled to a stay and abeyance of what he claimed was his participation in the Bureau of Prison's ("BOP") Inmate Financial Responsibility Program ("IFRP"). (D. 1). Participation in such programs are implemented for inmates to pay debts, in this instance, restitution and an assessment penalty owed as part of the Petitoner's federal sentence. At

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

the time, the Illinois Department of Corrections ("IDOC") was taking scheduled payments out of his prisoner trust fund account to pay the balance he owed. (D. 12).

The Petitioner originally brought this action against Warden Mike Melvin and the IDOC, but the Court dismissed them from the case and named the United States as the proper respondent. (D. 11). Both parties objected to the Court's finding, arguing that the United States was not a proper respondent. (D. 12); (D. 13). The United States further represented that the BOP and the IFRP played no part in garnishing the Petitioner's wages. (D. 13-1).

The Court dismissed his claim without prejudice, finding that the Petitioner "now makes clear [that] he is seeking relief from the IDOC and not the federal government." (D. 14 at pg. 4). The Court further noted that a "§ 2241 [petition] is only proper when brought to challenge a violation made by the United States" and is therefore "not the appropriate recourse in this instance. *See* 28 U.S.C. § 2241(c)." *Id*.

The Petitioner now moves to reopen his § 2241 Petition, re-alleging that he is subject to an exemption from the wage garnishment at issue. (D. 16). He has changed his claim, with supporting documentation attached, and now asserts that he *is* subject to a writ of continuing garnishment by the United States. *Id*. at pp. 16-22. The Petitioner later moved to submit additional authority. (D. 17). Attached to the Motion was more documentation from the United States Attorney and the District Court for the Northern District of Iowa regarding the Petitioner's Writ of Continuing Garnishment. *Id*. at pp. 4-14.

The Court ordered the United States to respond to the Petitioner's Motion to Reopen. (See the Court's July 23, 2018 text order.) Before the United States could respond, the Petitioner filed a Motion for Injunctive Relief. (D. 18). Therein, he continued to argue the merits of his claim that he should be exempt from garnishment and asserted that this Court should enter a preliminary

2

injunction halting it because he is not getting basic hygiene products from the staff at Pontiac and, as a result of the garnishment, cannot purchase them himself. *Id*. at pg. 3.

The United States responded. (D. 19). They argue the Court should deny the Petitioner's Motion to Reopen because he is not challenging federal actions in this district. *Id*. The Petitioner filed what he captioned a "Motion in Response" replying to the United States' Response. (D. 20). The Court construes the Petitioner's Motion in Response (D. 20) as a Reply and hereby deems it MOOT.

As the Court noted in a prior order, an inmate's proper recourse for challenging an IFRP is a § 2241 petition. (D. 14 at pg. 3) (citing *Ihmoud v. Jett*, 272 F. App'x 525, 526 (7th Cir. 2008)). The proper venue for a § 2241 petition is the district court where the prisoner is located. 28 U.S.C. § 2241(a); *al-Marri v. Rumsfeld*, 360 F. 3d 707, 709-10 (7th Cir. 2004). The Petitioner is an inmate at Pontiac Correctional Center. (D. 1). Ergo, his § 2241 Petition belongs before this Court. Therefore, his Motion to Reopen (D. 16) is GRANTED. The Court further GRANTS the Petitioner's Motion to Submit Additional Authority (D. 17) and will consider his arguments and documentation therein when addressing the merits of his claims.

Remaining before the Court is the Petitioner's Motion for Injunctive Relief. (D. 18). In order to determine whether preliminary injunctions are warranted, district courts engage in a sequential, two-phase analysis involving a threshold phase and a balancing phase. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am. Inc.*, 549 F. 3d 1079, 1085-86 (7th Cir. 2008). In the threshold phase, the party seeking the injunction—here, the Petitioner—must satisfy three requirements. *Id*. at 1086. "First, that absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims. Second, that traditional legal remedies would be inadequate. And third, that its claim has some likelihood of succeeding on the

merits." *Id*. If the movant fails to demonstrate any one of the three threshold requirements, the injunction must be denied, and the Court need not proceed to the balancing phase portion of the analysis. *Id*.

In this instance, the Petitioner has failed to establish that the required elements are present. He has not addressed how traditional legal remedies would be inadequate or demonstrated that his claims have a likelihood of succeeding on the merits. His request for a preliminary injunction is far too deficient to survive the threshold phase. As such, the Petitioner's Motion for Injunctive Relief (D. 18) is DENIED.

For the reasons stated above, the Petitioner's Motion to Reopen (D. 16) and Motion to Submit Additional Authority (D. 17) are GRANTED. It is now apparent that the United States is a proper party in this matter. As such, the Respondent is directed to respond to the Petitioner's arguments within 21 days (by October 3, 2018). Additionally, his Motion for Injunctive Relief (D. 18) is DENIED and his Motion in Response (D. 20) is deemed MOOT.

*It is so ordered.*

Entered on September 11, 2018

        s/ Michael M. Mihm
        Michael M. Mihm
        Senior United States District Judge